UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MARIE RUSSO,

        Plaintiff,                          Case No. 8:20-cv-260-T-60AAS

v.

CHAD CHRONISTER, *et al.*,

        Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983, in which Plaintiff alleges violations of her rights under the Fourth Amendment. Plaintiff is in the custody of Florida Department of Corrections and proceeds *pro se*.

**I.    Legal Background**

A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is

frivolous. *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639

(11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion

thereof) in the following circumstances:

> (b)    Grounds for Dismissal. — On review, the court shall
> identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint —
>
>> (1)    is frivolous, malicious, or fails to state a claim
>>          upon which relief may be granted; or
>>
>> (2)    seeks monetary relief from a defendant who is
>>          immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights

complaints as soon as practicable and to dismiss those actions which are

frivolous or malicious or fail to state a claim for relief.  28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must

read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*,

404 U.S. 519 (1972).

B. Section 1983

Plaintiff's claims against Defendants arise under 42 U.S.C § 1983.

(Doc. 1). "[S]ection 1983 provides a method for vindicating federal rights

conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise show some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.    Analysis

Plaintiff sues the Pinellas County Sheriff's Office and Deputy Dexter Chronis in his individual and official capacities for injuries that she suffered after two arrests. (Doc. 1 at 2). In July 2019, Deputy Chronis pulled Plaintiff over while she was driving an "electric assistive personal mobility device" (Doc. 1 at 3–5). Deputy Chronis arrested Plaintiff for driving with a suspended or revoked license and impounded the mobility device. (*Id.*).

In August 2019, Deputy Chronis pulled over Plaintiff again while she was driving the mobility device. (*Id.*). Deputy Chronis arrested Plaintiff for the same crime and impounded the mobility device. (*Id.*). After the August arrest, Deputy Chronis released the mobility device to Plaintiff's fiancé. (*Id.*). Deputy Chronis then pulled him over while he was driving the mobility

device and impounded the mobility device a third time. (*Id.*). In September

2019, the charges in the two driving with a suspended or revoked license

cases were ultimately dismissed. (*Id.*). Plaintiff contends that the mobility

device was legal. (*Id.*).

At the time of her two arrests, Plaintiff was on bond for pending

criminal charges in another case. (*Id.* at 5). The state court revoked Plaintiff's

bond because of the arrests. (*Id.*). The arrests prevented Plaintiff from

qualifying for probation in that pending case, getting her mobility device out

of impound, and getting home to her fiancé who was sick. (*Id.*). Plaintiff asks

for $5,000.00, including compensatory damages for the mobility device, the

cost of impound, and the forfeited bond and punitive damages as well. (*Id.*).

A. Failure to State a Claim

1.  Pinellas County Sheriff's Office

Plaintiff fails to state a claim against the Pinellas County Sheriff's

Office. Because a sheriff's office lacks the legal capacity to be sued under

Florida law, the claim against the Pinellas County Sheriff's Office is

dismissed. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992)

("Sheriff's departments and police departments are not usually considered

legal entities subject to suit but capacity to sue or be sued shall be determined

by the law of the state in which the district court is held." (citations and

quotations omitted)); *see also Wilk v. St. Lucie Cty. Fla. Sheriff Office*,

740 F. App'x 658, 662 (11th Cir. 2018) (citing *Florida City Police*

*Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)).

    2.  <u>Deputy Chronis</u>

Plaintiff also fails to state a claim against Deputy Chronis. The official

capacity claim is actually a claim against Pinellas County, the governmental

entity that the deputy represents. *Barnett v. MacArthur*, 956 F.3d 1291, 1296

(11th Cir. 2020). The complaint does not allege that one of Pinellas County's

customs, practices, or policies caused — and was the "moving force" behind

— the unlawful arrest, *id.* (citing *Monell v. Dep't of Social Svcs. of City of*

*New York*, 436 U.S. 658, 690 (1978)), and so the claim against Deputy

Chronis in his official capacity is dismissed. *Marantes v. Miami-Dade Cty.*,

649 F. App'x 665, 673 (11th Cir. 2016).

For the individual capacity claim, the complaint fails to allege whether

Plaintiff had a valid driver's license. The complaint only alleges that the "the

bike was legal," (Doc. 1 at 4–5), and that is not enough. An unlawful

warrantless arrest must have been without probable cause.

*Marx v. Gumbinner*, 905 F.2d 1503, 1505–06 (11th Cir. 1990); *see also*

*Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) ("The standard for arrest is

probable cause, defined in terms of facts and circumstances sufficient to

5

warrant a prudent man in believing that the (suspect) had committed or was committing an offense." (citation and quotations omitted)).

If Plaintiff had a valid driver's license, then Deputy Chronis would not have had probable cause to arrest her for driving with a revoked or suspended license. If Plaintiff instead had a revoked or suspended license, Deputy Chronis may have had probable cause for the arrest. Under Florida law, it is unlawful to drive other similar motorized vehicles with a revoked or suspended license. *Inman v. State*, 916 So. 2d 59, 61 (Fla. 2d DCA 2005) (holding that it was unlawful to drive an "electric scooter" with a revoked or suspended license); *State v. Meister*, 849 So. 2d 1127, 1129 (Fla. 4th DCA 2003) (same as to "moped"); *Soto v. State*, 711 So. 2d 1275, 1276–77 (Fla. 4th DCA 1998) (same as to "moped"); *State v. Riley*, 698 So. 2d 374, 375 (Fla. 2d DCA 1997) (same as to "go-ped").

The complaint describes the mobility device as a "750 watt[ ]" "bike." (Doc. 1 at 3–5). Like those other motorized bicycles, an "electric assistive personal mobility device" is specifically excluded from the definition of "motor vehicle" under section 316.003(44) of Florida Statutes, but **not** excluded from the definition under section 322.01(27). *See Meister*, 849 So. 2d at 1128–29. Even though Chapter 316 does not require a valid driver's license for an "electric assistive personal mobility device,"

6

Fla. Stat. § 316.2068(2), it is the exception rather than the rule and so

Plaintiff's arrest may have still been objectively reasonable under the Fourth

Amendment. *United States v. Diaz*, 854 F.3d 197, 203–04 (2d Cir. 2017)

(holding that an arrest based on an objectively reasonable mistake of law is

still lawful under the Fourth Amendment); *United States v. Hawkins*,

830 F.3d 742, 746 (8th Cir. 2016) (citing *Heien v. North Carolina*,

574 U.S. 54 (2014)) (same); *see also Manners v. Cannella*, 891 F.3d 959, 969

(11th Cir. 2018) ("Probable cause requires only a probability or substantial

chance of criminal activity, not an actual showing of such activity." (citation

and quotations omitted)).

Because the complaint does not allege whether Plaintiff had a valid

driver's license, it fails to state a claim for unlawful arrest against Deputy

Chronis in his individual capacity.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's claim against the Pinellas County Sheriff's Office is
   **DISMISSED with prejudice**. Plaintiff's claims against Deputy
   Chronis are **DISMISSED without prejudice**.

2. The Court provides Plaintiff who proceeds *pro se* an opportunity
   to amend her complaint. *Bank v. Pitt*, 928 F.2d 1108, 1112
   (11th Cir. 1991), *overruled on other grounds by*

*Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542

n.1 (11th Cir. 2002).

3. The Clerk is **DIRECTED** to mail to Plaintiff a copy of the

standard civil rights complaint form along with this Order.

4. Plaintiff shall amend her complaint **within THIRTY (30) DAYS**

of the date of this order.

a.  To amend her complaint, Plaintiff should completely fill out a

new civil rights complaint on the form, marking it "Amended

Complaint." The amended complaint must include all of

Plaintiff's claims in this action; it may not refer back to or

incorporate the original complaint. The amended complaint

supersedes the previous complaint, and all claims must be

raised in the amended complaint.

b.  If Plaintiff intends to allege claims that are not related to the

same basic issue or incident, then each claim must be

addressed in a separate complaint.

c.  Plaintiff should file the amended complaint in this action by

placing the case number in *this* action on a civil rights

complaint form and choosing one of the claims (or a set of

related claims) to proceed with in this action.

8

d.  In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Plaintiff may, at any time, request more civil rights complaint forms for unrelated claims.

e.  **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

5.  Plaintiff has filed this action *pro se*, and she is directed that she must immediately advise the Court of any change of address. She shall entitle the paper "Notice to the Court of Change of Address," and she shall not include any motions in it. This notice shall contain only information pertaining to the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

9